UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CURTIS MCAFFEE,

      Petitioner,

vs.

                              Case No. 8:06-CV-1796-T-27MAP
                              Crim Case No. 8:04-CR-102-T-27MAP

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence

Under 28 U.S.C. § 2255. (CV Dkt. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255

Proceedings for the United States District Courts,[1] the Court has undertaken a preliminary review

of the motion and the prior proceedings in the underlying criminal case. Upon review, the Court

concludes that this motion is due to be summarily denied without an evidentiary hearing because it

plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is not

entitled to relief. Therefore, the Court does not require a response to the motion from Respondent.

Petitioner was charged by Indictment with possession with intent to distribute and

distribution of five (5) grams or more of a mixture or substance containing a detectable amount of

cocaine base ("crack" cocaine) (Count One), possession with intent to distribute five hundred (500)

grams or more of a mixture or substance containing a detectable amount cocaine (Count Two), and

---

[1] Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

possession within intent to distribute and distribution of a quantity of a mixture or substance containing a detectable amount of cocaine (Count Three). (CR Dkt. 1). Petitioner pleaded guilty to Count One pursuant to written plea agreement. (CR Dkts. 15,16, 39). Petitioner's plea agreement contained a valid appeal waiver clause. (CR Dkt. 15, p. 12). On July 26, 2004, Petitioner was sentenced to 188 months imprisonment to be followed by 60 months of supervised release. (CR Dkts. 26, 28). Petitioner's appeal was dismissed by the Eleventh Circuit Court of Appeals based on the appeal waiver clause in his plea agreement. (CR Dkt. 44). The Supreme Court denied certiorari on October 3, 2005. *McAffee v. United States*, 126 S.Ct. 123 (2005) (No. 04-10494). Petitioner filed the instant Motion Under 28 U.S.C. §2255 to Vacate Sentence on September 23, 2006.[2] (CR Dkt. 45; CV Dkt. 1). The motion is timely.

In his Motion to Vacate, Petitioner raises four (4) grounds:

> **Ground One**: The Guidelines mandatory direction to utilize the career offender chart as defined by Commentary Note 2, at §4B1.1, defining the statutory maximum as set by the Federal Code, contradict *Apprendi*'s holding and violates *Stinson v. United States*, 123 L.Ed 2d 598 (1993).
>
> **Ground Two**: Counsel was ineffective by influencing defendant to agree to plea waiver contained in the plea agreement.
>
> **Ground Three:** Failure of the government to file § 851 enhancement deprived court of jurisdiction to enhance the sentence based on prior convictions.
>
> **Ground Four:** Movant's base offense level was computed based on judicial finding of drug weight by preponderance of evidence, beyond that which was listed on the Indictment or admitted by the defendant in violation of the 5th and 6th Amendments.

---

[2] While the motion was actually received and filed by the Clerk of Court on September 29, 2006, under the "mailbox rule," the motion is deemed filed on September 23, 2006, the date the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States,* 173 F.3d 1339, 1341, (under the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing)

In his written plea agreement, Petitioner waived his right to challenge his sentence either through direct appeal or collateral attack. (CR Dkt. 15, p. 12). As noted, the Eleventh Circuit dismissed Petitioner's direct appeal based an a "valid appeal waiver contained in appellant's plea agreement." (CR Dkt. 44). In addition to waiving his right to appeal his conviction and sentence directly, by virtue of the appeal waiver clause in his plea agreement, Petitioner waived the right to collaterally attack his sentence "on any ground," except those specified in the agreement, none of which are applicable here. That waiver includes the right to challenge his sentence collaterally in the context of a § 2255 petition. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

An appeal waiver is enforceable if the waiver was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). To ensure that a waiver is made knowingly and voluntarily, "the district court [must] specifically question the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, unless it is otherwise clear from the record that the defendant understood the significance of the waiver." *Buchanan*, 131 F.3d at 1008 (citing *Bushert*, 997 F.2d at 1351-52). During the Rule 11 colloquy, the Magistrate Judge engaged Petitioner in a thorough Rule 11 plea colloquy, including a colloquy concerning his appeal waiver and Petitioner acknowledged his understanding in that regard. (CR Dkt. 16, pp. 12-13). Accordingly, Petitioner knowingly and voluntarily waived his right to directly or collaterally attack his sentence except for the enumerated exceptions specifically reserved in the plea agreement, none of which apply. By virtue of the appeal waiver in his plea agreement, Petitioner waived his right to seek collateral review of his judgment and sentence, including Grounds 1, 3, and 4 of the instant motion. His § 2255 motion to vacate should accordingly be denied.

-3-

Petitioner likewise waived the right to claim ineffective assistance of counsel for failure of counsel to challenge these claimed sentencing errors by virtue of the appeal waiver contained in his plea agreement. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000), *cert denied*, 531 U.S. 1175 (2001); *United States v. Djelevic*, 161 F.3d 104, 107 (2nd Cir. 1998).

Even in the absence of a valid appeal waiver, Petitioner would not be entitled to relief. By pleading guilty, Petitioner waived all non-jurisdictional claims up to the time of his plea. *See e.g.*, *United States v. Broce*, 488 U.S. 563, 569 (1989); *Dermota v. United States*, 895 F.2d 1324, 1326 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990); *Tollett v. Henderson*, 411 U.S. 258 (1973), *Stano v. Dugger*, 921 F.2d 1125 (11th Cir. 1991), *cert. denied*, 502 U.S. 835 (1991); *Askew v. Alabama*, 398 F.2d 825, 825 n.1 (5th Cir. 1968) (waiver extends "to violations of those procedural rights guaranteed by due process which are incident to the criminal investigation and prosecution"). This waiver includes constitutional claims, such as pre-plea ineffectiveness of counsel claims. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992).

Even if Petitioner's appeal waiver does not foreclose his challenge to counsel's effectiveness, his claim that counsel was ineffective by "influencing" him to agree to the appeal waiver is without merit.[3] Petitioner's statements under oath to the Magistrate Judge during his Rule 11 plea colloquy refute any such contention. During that plea colloquy, Petitioner confirmed his satisfaction with counsel, and confirmed that no one had forced or threatened him into pleading guilty. (CR Dkt 16,

---

[3] *See United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012-14 (9th Cir. 1993).

-4-

pp. 8, 14). Moreover, in his plea agreement, Petitioner expressly acknowledged that he was entering into the plea agreement and pleading guilty "freely and voluntarily . . . without threats, force, intimidation, or coercion of any kind." (CR Dkt. 15, p. 13).

Petitioner's representations made during his change of plea hearing, along with the findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). There is a strong presumption that Petitioner's sworn statements made during his plea hearing are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Petitioner accordingly "bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). This presumption is not overcome by a defendant's bald assertion of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988). A defendant will not be heard to later contend that his sworn statements made during a Rule 11 colloquy are false. *United States v. Stitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986).

Given the strong presumption of verity accorded Petitioner's sworn statements during his plea hearing, his conclusory allegation of ineffective assistance of counsel, unsupported by specifics, is subject to summary dismissal, as are his contentions that are wholly incredible in the face of the record. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Accordingly, given Petitioner's sworn statements during the plea colloquy and in his plea agreement that he was pleading guilty "freely and voluntarily . . . without threats, force, intimidation, or coercion of any kind," Petitioner's allegations that his attorney "influenced" him to agree to the appeal waiver are refuted by the record. His claim of ineffective assistance is without merit. *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005) (allegations that counsel was ineffective which are contrary to defendant's sworn statements at plea hearing may be discredited).

-5-

Even apart from Petitioner's sworn statements confirming his satisfaction with counsel and that he entered into the plea agreement and pleaded guilty freely and voluntarily, Petitioner has made no factual allegations supporting his contention that his attorney was ineffective. In order to demonstrate ineffective assistance of counsel, Petitioner must satisfy the test established by *Strickland v. Washington*, 466 U.S. 668 (1984):

> According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) (citing *Strickland*, 466 U.S. at 687).

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). Counsel's strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential." *Chandler,* 218 F.3d at 1314 (quoting *Strickland,* 466 U.S. at 689). "Our role in reviewing an ineffective assistance claim is not to 'grade' a lawyer's performance; instead, we determine only whether a lawyer's performance was within 'the wide range of professionally competent assistance.'" *Van Poyck v. Fla. Dept. of Corrs.,* 290 F.3d 1318, 1322 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 690). "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Id.* (citing *Chandler*, 218 F.3d at 1315). Tactical decisions within the range of reasonable professional

competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983).

Under the first prong of *Strickland*, an attorney owes a lesser duty to a client who pleads guilty than to one who goes to trial, although counsel still must "make an independent examination of the facts and circumstances and offer an informed opinion to the accused as to the best course to follow." *Agan v. Singletary*, 12 F.3d 1012, 1017-18 (11th Cir. 1994). Consistent with *Strickland's* objective standard, counsel's plea negotiation strategy, including whether to advise Petitioner to agree to an appeal waiver, is subject to deferential scrutiny. The "*quid pro quo*" of plea bargaining is an area inherently within counsel's tactical decision making. Other than alleging that his attorney "influenced" him to agree to the appeal waiver, Petitioner alleges no facts supporting a finding that counsel's performance did not fall within a range of reasonable professional competence or that counsel's advice was so "patently unreasonable that no competent attorney would have chosen it."

Moreover, in order to satisfy *Strickland's* prejudice prong, Petitioner must show not only that his attorney committed professional error, but also a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Petitioner does not make this showing or even claim that he would not have entered a guilty plea but for counsel's advice. To be entitled to collateral relief, Petitioner must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985) (quoting, *McMann v. Richardson,* 397 U.S. 759, 774 (1970)). Simply put, Petitioner has not made even a preliminary showing that his attorney was ineffective or that he was prejudiced by a deficient performance.

-7-

Petitioner essentially complains that his attorney was ineffective in allowing him to agree to the appeal waiver and for not anticipating a change in the law resulting from *Blakely v. Washington*, 542 U.S. 269 (2004). Generally, however, an attorney does not render ineffective assistance in failing to have anticipated changes in the law. *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001)(attorney does not render ineffective assistance in failing to anticipate changes in the law as a result of *Apprendi*); *United States v. Levy*, 391 F.3d 1327, 1334 (11th Cir. 2004). At the time of Petitioner's plea and sentencing, controlling Eleventh Circuit precedent precluded a favorable ruling on any *Blakely* type Sixth Amendment objection. *See e.g., United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001)(*en banc*), *abrogated in part on other grounds*, *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005). Counsel cannot be faulted for negotiating a plea agreement which included an appeal waiver when at the time, controlling law in this Circuit would not support a *Blakely* type objection.

With respect to Petitioner's ineffective assistance of counsel claim, he has not shown that counsel provided a performance which fell below an objective standard of reasonable professional assistance or that if so, Petitioner was prejudiced by a deficient performance. Indeed, a lawyer is presumed to be competent and the burden is on Petitioner to demonstrate that he was denied the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 657 (1984). Where, as here, Petitioner is unable to establish either prong of the *Strickland* analysis, his claim must be dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

There is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the Petitioner is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Therefore, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct

Sentence Under 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED.  All pending motions are denied as moot.

The clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this $\underline{18}^{TH}$ day of December, 2006.


**JAMES D. WHITTEMORE**
**United States District Judge**


Copies to:
Petitioner, *pro se*